IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEVIN NAKEDHEAD,

        Defendant.

Case No. 23-CR-109-JFH

**OPINION AND ORDER**

Before the Court is a motion to dismiss ("Motion") filed by Defendant Devin Nakedhead ("Defendant"). Dkt. No. 27. The United States of America ("Government") opposes the Motion. Dkt. No. 29. Defendant obtained leave to file a reply. Dkt. No. 30; Dkt. No. 31; Dkt. No. 35. For the reasons stated, the Motion is DENIED.

**BACKGROUND**

Defendant is charged with one count of felon in possession of firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Dkt. No. 2. He is set for trial on October 2, 2023. Dkt. No. 34.

**AUTHORITY AND ANALYSIS**

In 2022, the Supreme Court examined the Second Amendment's constitutional protection of the right to keep and bear arms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* did not concern a criminal statute. Rather, it involved a challenge to federal firearms licensing. *Id.* The decision included a nuanced discussion of Second Amendment caselaw and announced a new rule for evaluating firearms regulation: "[T]he government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

Defendant moves for dismissal based on *Bruen,* arguing that the federal felon-in-possession statute codified at 18 U.S.C. § 922(g) violates the Second Amendment. Dkt. No. 27 at 1-2. Specifically, Defendant argues that under *Bruen*, the Government has not and cannot demonstrate that § 922(g) is "consistent with the Nation's historical tradition of firearm regulation." *Id*. at 3; Dkt. No. 35 at 4-5.

The Tenth Circuit has not examined § 922(g) since the *Bruen* decision. In this District, however, Judge Ronald A. White rejected a post-*Bruen* § 922(g) challenge on stare decisis grounds. *United States v. Triplett-Armstrong*, Case No. 22-CR-91-RAW, Dkt. No. 104 (E.D. Okla. Dec. 30, 2022). Judge White explained:

> A district court in the Tenth Circuit is bound by Tenth Circuit precedent. While a district court has an obligation to follow the Supreme Court where an intervening decision of that Court directly or implicitly reverses Tenth Circuit precedent, a district court must be extremely careful in concluding that circuit precedent is no longer good law, and should only deviate from such authority where it is powerfully convinced that the circuit will overrule itself at the next available opportunity.

*Id.* at 1-2 (citing *United States v. Wehunt*, 230 F. Supp. 3d 838, 846 (E.D. Tenn. 2017)).[1] After examining pre-*Bruen* Tenth Circuit precedent on § 922(g) and post-*Bruen* decisions on § 922(g) from other courts, Judge White concluded that he was not "powerfully convinced" that the Tenth Circuit would find the statute to be unconstitutional, and he accordingly denied the defendant's motion to dismiss. 22-CR-91-RAW, Dkt. No. 104, at 2.

---

[1] *Wehunt*, in turn, explained that district courts should tread carefully if a Supreme Court decision "neither expressly nor implicitly overrules the prior [circuit] decision" because "*sub silentio* overruling of a Court of Appeals decision by a Supreme Court case resting on different facts is a rare occurrence." 230 F. Supp. 3d at 846 (quotations omitted). The caution expressed in *Wehunt* is appropriate here, as *Bruen* addressed civil rather than criminal firearms regulation and thus did not expressly or implicitly overrule appellate decisions concerning § 922(g).

This Court believes Judge White's approach is most appropriate. The issue of *Bruen*'s impact on federal firearms law is a developing area of jurisprudence. This Court recognizes that opinions by well-respected judges reach conflicting conclusions. *Compare United States v. Mayfield*, --- F. Supp. 3d ---, 2023 WL 2386322 (N.D. Okla. Mar. 6, 2023) (Frizzell, J.) *with Bullock*, 2023 WL 4232309 (Reeves, J.). Judge Frizzell's and Judge Reeves' decisions illustrate that reasonable minds can and do differ on the topic.[2] In this Court's view, Judge Frizzell's facial challenge analysis set out in *Mayfield* and *United States v. Coombes*, 629 F. Supp. 3d 1149 (N.D. Okla. 2022) is well-reasoned, and this Court would adopt it if it believed a historical analysis were necessary at this juncture.[3]

Given the ongoing nature of this open question of law, the Court is not "powerfully convinced" that the Tenth Circuit will overrule itself when it takes up the question of § 922(g) and *Bruen*. Accordingly, the Court will follow existing binding Tenth Circuit caselaw, which requires rejection of Defendant's constitutional challenge and denial of Defendant's Motion. *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009); *United States v. Baer*, 235 F.3d 561 (10th Cir. 2000).

---

[2] Indeed, a circuit split is developing on the issue. The Third Circuit reversed itself en banc and held that § 922(g)(1) could not "constitutionally strip [a felon bringing an as-applied challenge] of his Second Amendment rights." *Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023). However, the Eighth Circuit has twice recently upheld § 922(g)(1)'s constitutionality post-*Bruen* in published decisions. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023); *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023). The Fifth Circuit has rejected § 922(g)(1) *Bruen* challenges on plain error review in multiple recent unpublished decisions. *See, e.g., United States v. Garza*, 2023 WL 4044442 (5th Cir. June 15, 2023); *United States v. Hickcox*, 2023 WL 3075054 (5th Cir. Apr. 25, 2023). And the Seventh Circuit recently remanded a case for further proceedings at the district level because "[t]he parties' briefing on appeal only scratche[d] the surface of the historical analysis now required by *Bruen*." *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023).

[3] Defendant does not raise an as-applied challenge, so this Court does not opine on the as-applied discussion in *Coombes*.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [Dkt. No. 27] is DENIED.

Dated this 16th day of August 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE